**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**BERNARD LAMONT STANDLEY, #43911-083**

**Petitioner,**

**v.** **2:04CV580**

**VANESSA P. ADAMS, Warden**

**Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On March 20, 2000, in the United States District Court for the Eastern District of Virginia, petitioner was convicted of conspiracy to distribute fifty grams or more of crack cocaine and carrying a firearm during and in relation to a drug trafficking crime. Petitioner was originally sentenced to serve 295 months imprisonment, but on March 9, 2001, the sentence was reduced to ninety-eight months.

On September 22, 2004, petitioner filed a petition for a writ of habeas corpus in this Court, seeking to compel the Bureau of Prisons (BOP) to recalculate his good conduct time (GCT). On January 26, 2005, respondent filed a motion to stay proceedings, pending the Fourth Circuit's decision in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). On March 18, 2005, the Court granted the motion, finding that petitioner would not be prejudiced by the delay and directing

respondent to file a status report on June 1, 2005, if Yi had not been decided. On May 27, 2005, respondent filed a status report indicating that a decision in Yi had not been rendered and moved for a further delay. On June 3, 2005, the Court granted the motion, staying the proceeding until August 1, 2005, and directing respondent to file a second status report on that date if a decision had not been rendered in Yi.

On June 17, 2005, the Fourth Circuit Court of Appeals rendered a decision in Yi. On June 23, 2005, respondent filed a notice advising the Court that a decision in Yi had been rendered, but the mandate had not been issued. By order of June 29, 2005, the Court further stayed the proceeding until the mandate in Yi had been issued and directed respondent to file an answer within thirty days after the mandate was issued. On August 2, 2005, respondent filed an answer to the petition. This matter is now ripe for consideration.

**B. Grounds Alleged**

The only ground that petitioner raises is that he should receive 441 days of GCT toward his sentence, rather than the 384 days the BOP projects he will receive.

**II. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Title 18 U.S.C. § 3624(b), allows the BOP to award up to fifty-four days of GCT for each year of an inmate's term of imprisonment, awarded "at the end of each year of the prisoner's term of imprisonment," upon a showing of "exemplary compliance with institutional disciplinary regulations." By awarding petitioner fifty-four days of GCT at the end of each year he will serve in prison, the BOP has projected that petitioner will earn a total of 384 days of GCT. After subtracting the total amount of GCT that can be earned, the BOP adjusted petitioner's

expected release date from October 9, 2008, to September 21, 2007. (See Resp’t Return and Mot. to Dismiss, Ex. A, Sentence Monitoring Computation Data at 3.)

Petitioner contends that § 3624(b), unambiguously awards fifty-four days of GCT for each year of his sentence, rather than for each year of actual time served. Specifically, petitioner contends that by using the phrase, “term of imprisonment” in subsection (b), Congress intended to award GCT proportional to the sentence imposed, not the time actually served. Therefore, petitioner asserts that his ninety-eight month sentence should yield 481 days of GCT, which would place his release date at July 26, 2007.

In Yi, the Fourth Circuit has squarely addressed the argument raised by petitioner herein. The court found that the phrase “term of imprisonment” was ambiguous as used in 18 U.S.C. § 3624(b). Specifically, although two other uses of the phrase within the same subsection (b) clearly refer to the length of the sentence imposed, “[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated. This unseemly result would frustrate the process and militates against finding that the phrase ‘term of incarceration’ unambiguously refers to the sentence imposed.” Yi, 412 F.3d at 532 (citations omitted). The Fourth Circuit then found that “the legislative history of the GCT statute does not resolve the ambiguity in 18 U.S.C. § 3624(b).” Id. at 534.

When a statute is ambiguous, courts must defer to the reasonable interpretation of the administrative agency charged with administering the statute. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Because the language of § 3624(b), reflects a “clear congressional directive that the [BOP] look

retroactively at a prisoner's conduct over the prior year," the BOP's construction of the GCT statute is clearly reasonable and entitled to deference. Yi, 412 F.3d at 532. The claim is without merit and should be DISMISSED.

**III. RECOMMENDATION**

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

**IV. REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

**/s/**
**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

**September 29 , 2005**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Bernard Lamont Standley, #43911-083
FCI Petersburg
P.O. Box 90027
Petersburg, VA 23804

Virginia Van Valkenburg, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510

Elizabeth H. Paret, Clerk

By ________________________________
Deputy Clerk

______________________________, 2005